Chen v. Holder

BIA
Balasquide, IJ
A097 160 466

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

PRESENT:
RALPH K. WINTER,
ROSEMARY S. POOLER,
ROBERT D. SACK,
*Circuit Judges.*

_____

ZHONG KENG CHEN,
*Petitioner,*

v.                                        11-1963
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Galab B. Dhungana, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Susan Bennett Green, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhong Keng Chen, a native and citizen of the People's Republic of China, seeks review of an April 15, 2011, decision of the BIA, affirming the June 4, 2009, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Keng Chen*, No. A097 160 466 (B.I.A. Apr. 15, 2011), *aff'g* No. A097 160 466 (Immig. Ct. N.Y. City June 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decision. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Before this Court, Chen challenges only the agency's finding that he failed to establish that the 4,500 renminbi ("RMB") fine levied against him amounted to economic persecution, and its determination that the Department of Homeland Security ("DHS") did not breach its duty of confidentiality in asking the U.S. Consulate in China to verify the authenticity of two abortion certificates Chen submitted in support of his application for asylum.

**I. Economic Persecution Claim**

The agency reasonably found that Chen failed to demonstrate that the 4,500 RMB fine imposed by family planning officials amounted to economic persecution. *See In re T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007) (holding that for economic harm to constitute persecution, "an applicant for asylum must demonstrate a severe economic disadvantage" (internal quotation marks omitted)). First, although Chen testified that he did not have a steady job in China, and that he earned, at most, 6,000 RMB annually, he failed to demonstrate that imposition of the 4,500 RMB fine resulted in a severe economic disadvantage, as he testified that he paid the fine "right away" using funds he borrowed from his relatives. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293

3

F.3d 61, 67 (2d Cir. 2002) (holding that an asylum applicant must show at least a "deliberate imposition of a substantial economic disadvantage" in order for the harm to constitute economic persecution (internal quotation marks omitted)). Moreover, although Chen testified that his wife did not work and that his son cannot attend college "because of [the family's] financial or economic situation," as the IJ found, Chen did not present any evidence that his family's current financial predicament was a consequence of the imposition of the 4,500 RMB fine, or any subsequent fines imposed by family planning officials. *See Guan Shan Liao*, 293 F.3d at 70 (finding that the agency reasonably concluded that the petitioner failed to demonstrate economic persecution when he did not present any testimony or other evidence of his income in China, his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government). Accordingly, the agency reasonably found that the fine did not cause him severe economic harm rising to the level of persecution. *Id*.

**II. Breach of Confidentiality Claim**

Chen contends that the DHS "recklessly" revealed to the Chinese government that he was seeking asylum in the U.S. when it asked the U.S. consulate in Guangzhou, China to verify the authenticity of the two abortion certificates he submitted in support of his claim, and that as a result, he has a well-founded fear of persecution, as supported by this Court's decision in *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255 (2d Cir. 2006). In *Zhen Nan Lin*, the government violated the asylum confidentiality requirement of 8 C.F.R. § 208.6 by submitting for verification the applicant's Certification of Release to the Prison Bureau in China. 459 F.3d at 262. The government conceded in that case that it had disclosed an unredacted copy of the document, revealing extensive identifying information about the applicant and about his opposition to the Communist government. *Id*. at 265. The case was remanded to determine, *inter alia*, whether the breach of asylum confidentiality exposed the applicant to an additional risk of persecution. *Id*. at 268.

In Chen's case, the government has not conceded – as it did in *Zhen Nan Lin* – that it breached its asylum confidentiality procedures. Moreover, contrary to Chen's

5

assertions that the DHS failed to take adequate precautions in conducting its investigation, the record evidence indicates that proper procedures were followed. First, as the IJ noted, the record indicates that the DHS redacted identifying information from the Chinese-language abortion certificates prior to transferring them to the U.S. consulate in China, as well as instructed the consular officer conducting the investigation to comply with the asylum confidentiality guidelines. *See Zhen Nan Lin*, 459 F.3d at 265-66 ("When contacting a foreign government is necessary, government personnel have a number of options that protect an applicant's confidentiality [such as] . . . redact[ing] information identifying the applicant from a document before submitting it to the foreign government."). Furthermore, there is nothing in the record to compel the conclusion that the U.S. consulate disclosed Chen's or his wife's identity during its investigation. Indeed, the letters that the U.S. consulate received from the hospital charged with authenticating the abortion certificates did not contain any reference to Chen, his wife, or his wife's abortion. Additionally, as the agency found, the record indicates that the consular officer who conducted the investigations was aware of the confidentiality provisions

6

of U.S. asylum law, having signed certifications attesting that she had not disclosed the nature of the investigations to Chinese authorities.  Accordingly, the IJ reasonably found that the record evidence did not indicate that the DHS breached its duty of confidentiality in asking the U.S. consulate in China to verify the authenticity of the abortion certificates, and, therefore, Chen failed to demonstrate that he had a well-founded fear of persecution on account of the alleged breach.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

7